IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reverend Dr. Samuel T. Whatley,<br><br>                             Plaintiff,<br><br>v.<br><br>Elmore County Probate Office; John Thornton,<br><br>                             Defendants. | C/A No. 2:23-cv-800-SAL<br><br>**ORDER** |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) ("Report"). [ECF No. 17.] In the Report, the magistrate judge recommends summarily dismissing this matter without issuance and service of process. *Id.* at 4. Included with the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report. *Id.* at 5. Plaintiff filed objections. [ECF No. 20.] This matter is ripe for review.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). Absent objections, the court need not provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the

1

recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

Plaintiff initiated this action by filing a standard civil complaint form against Defendants on February 28, 2023. [ECF No. 1.] He subsequently filed an amended complaint correcting the spelling of Defendant John Thornton's name. [ECF No. 7.] In the amended complaint, Plaintiff claims there is diversity of citizenship between the parties, and the amount in controversy is $17 million dollars. *Id.* at 3–4. Plaintiff sets forth his claim as follows: "Fraudulent property deed recorded in January 2023 that was over ten years old (2013) and not valid when a legal and verified property deed was recorded in January 2022." *Id.* at 4. Plaintiff describes his requested relief as

2

"[f]ollowing the January 2022 deed entitled to the plaintiff. Retraining of Defendant No. 2 and or proof of competency to maintain the position and or Defendant No. 1 response." *Id.*

Since Plaintiff is proceeding in forma pauperis in this action, his complaint was reviewed pursuant to 28 U.S.C. § 1915. The magistrate judge assigned to this case then recommended Plaintiff's complaint be dismissed as frivolous because he "does not raise an identifiable legal cause of action or state what facts would support a cause of action. Plaintiff indicates that a fraudulent deed was recorded in 2023 but does not explain how the deed affects him, nor does he explain how the named defendants were involved in the purportedly fraudulent deed." [ECF No. 17 at 3.] As explained by the magistrate judge, Plaintiff fails to allege either his standing to bring this action or the court's jurisdiction over this case. *Id.* The court agrees with the magistrate judge's recitation of the applicable law and her assessment of Plaintiff's complaint and adopts it and incorporates it here.

In his objections, Plaintiff first faults the Report for misquoting the complaint. He contends the Report

> failed to accurately read the complaint as the RR stated "Fraudulent property deed recorded in January 2023 that was over ten years old (2013) and valid when a legal and verified property deed was recorded in January 2022" when it *originally* stated "Fraudulent property deed recorded in January 2023 that was over ten years old (2013) and *not* valid when a legal and verified property deed was recorded in January 2022[.]"

[ECF No. 20 at 1 (emphasis in original).] Plaintiff has identified a typo in the Report, but it has no effect on the ultimate recommendation. The reason Plaintiff's complaint has been recommended for dismissal is not because of a misunderstanding concerning the validity of the deed—it is because Plaintiff has not identified a cause of action or adequately pleaded his connection or the Defendants' connection to the recording of the so-called fraudulent deed. Plaintiff attaches some documents to his objections, presumably related to the deed. See ECF No.

3

20 at 4–9. However, despite Plaintiff's pro se status, the court is not permitted to create Plaintiff's complaint when his pleadings are deficient. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("[Case law] directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them. District judges are not mind readers. Even in the case of pro se litigants, they cannot be expected to construct full blown claims from sentence fragments . . . ."). His objection is overruled.

Plaintiff next asserts "[t]he RR insinuates that defendants are immune, that the case is frivolous or malicious, and failed to state a claim despite the ruling in *Chisholm v. Georgia* (1793) clearly outlining no immunity in addition to the local government's own database showing the registered deeds having two different names listed within the year." [ECF No. 20 at 1.] But there is nothing about immunity in the Report. Instead, the Report recommends dismissal because Plaintiff fails to adequately plead a cause of action or sufficient facts alleging he was harmed and that Defendants caused the harm. Plaintiff objects to the finding that his complaint is frivolous, but, as explained above, there is no error in the reasoning or recommendation by the magistrate judge. *See Nietzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does

both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."). His objection is overruled.

Finally, Plaintiff identifies a typo in the Report's case caption. This typo has no bearing on the Report's identification of the deficiencies with Plaintiff's case or the recommendation. His objection is overruled.

## CONCLUSION

For the reasons set forth above, the Report [ECF No. 17] is adopted and incorporated. As a result, Plaintiff's complaint is **SUMMARILY DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

December 13, 2023　　　　　　　　　　　　　　Sherri A. Lydon
Columbia, South Carolina　　　　　　　　　　　United States District Judge